# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIELIS SANTANA-RIVAS, | : | Civil No. 3:25-CV-01896 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF CLINTON COUNTY | : | |
| CORRECTIONAL FACILITY, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is the report and recommendation of Magistrate Judge Sean A. Camoni recommending that the court grant Petitioner Marielis Santana-Rivas' petition for writ of habeas corpus, order Respondents to treat Petitioner as being detained under 28 U.S.C. § 1226(a), order Petitioner's immediate release, require Respondents to not re-arrest or detain Petitioner under 28 U.S.C. § 1225(b)(2)(A), and order that Petitioner is entitled to attorney's fees, costs, and expenses under the Equal Access to Justice Act.  (Doc. 15.)  Respondents object to the report and recommendation on four grounds: (1) this court lacks jurisdiction over Petitioner's claims; (2) 28 U.S.C. § 1225 applies to Petitioner; (3) Petitioner's detention has not been unconstitutionally prolonged; and (4) Petitioner is not entitled to attorney's fees, costs, and expenses under the Equal Access to Justice Act in this action until a final immigration decision has been reached.  (Docs. 20, 21.)  For the reasons that follow, the court will adopt the report and recommendation in part.

## STANDARD OF REVIEW

### A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation.  *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report."  *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the

court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

Finally, for the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

## DISCUSSION[1]

### A. The court adopts the unobjected to portions of the report and recommendation.

In Sections I and II of the report and recommendation, Judge Camoni details the factual background and procedural history of this case, as well as the general parameters for jurisdiction in this court. (Doc. 15, pp. 1–8.)[2] In Section III(B)(3), Judge Camoni concludes his analysis regarding Sections 1225 and 1226 by recommending that the court find that Sanatana-Rivas is detained pursuant to Section 1226(a); order her immediate release as she already was ordered released by an Immigration Judge under Section 1226(a); enjoin Respondents from re-detaining Santana-Rivas under Section 1225; and "compel the government to abide

---

[1] Because the court is writing for the benefit of the parties, only the necessary information in included in this memorandum. For a more fulsome discussion on the facts and issues in this case, the court refers to the report and recommendation. (Doc. 15.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

by the procedural standards under the statutory provisions and regulations applicable to an individual released on bond under section 1226(a)." (*Id.* at 40–42.)  No party objects to these sections of the report and recommendation.  Thus, following an independent review of Sections I, II, and  III(B)(3), and affording "reasoned consideration" to these portions of the report, *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 879), to "satisfy [the court] that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b), advisory committee notes, the court finds that Judge Camoni's analysis is well-reasoned and fully supported by the record and applicable law.

**B. The court adopts the recommendation that this court has jurisdiction to review Petitioner's detention.**

In Section III(A) of the report and recommendation, Judge Camoni conducts a detailed analysis regarding whether the Immigration and Nationality Act ("INA"), specifically 8 U.S.C. §§ 1252(g) and (b)(9), strips jurisdiction from district courts for challenges to administrative detention.  (Doc. 15, pp. 9–20.)  The report concludes that because Santana-Rivas only asks the court to review her ongoing detention, Section 1252(g) does not prevent the court from exercising jurisdiction under Section 2241.  (*Id.* at 10–11.)  Addressing Section 1252(b)(9), the report finds that Santana-Rivas does not challenge her arrest by the Department of Homeland Security ("DHS") or her initial detention, but rather, she challenges her continued detention.  (*Id.* at 11–14.)  Under those circumstances, Judge

4

Camoni concludes that Section 1252(b)(9) "does not present a jurisdictional bar." (*Id.* at 12 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018).) Judge Camoni provides another reason that this court has jurisdiction–even assuming Respondents' reading of Section 1259 is correct, stripping jurisdiction in this case would violate the Suspension Clause. (*Id.* at 16–19.)

Respondents object, arguing again that Sections 1252(g) and (b)(9) preclude this court's review of Santana-Rivas's claims. (Doc. 21, pp. 8–12.) Respondents also argue that only the United States District Court for the District of Columbia has jurisdiction to hear Santana-Rivas's claims. (*Id.* at 12.) Santana-Rivas responds, submitting that Respondents do not actually object to the thorough analysis in the report and recommendation, they just disagree with Judge Camoni's conclusions. (Doc. 23, pp. 2–6.) As to the District of Columbia argument, Santana-Rivas points out that this argument was raised for the first time in Respondents' objections, and thus is forfeited. (*Id.* at 5.)

The court will overrule Respondents' objections. Regarding the District of Columbia argument, this argument is waived because it was not raised in the response to Santana-Rivas's petition. *Talley v. Harry*, No. 23-cv-1033, 2025 WL 1305052, at *2 (M.D. Pa. Mar. 28, 2025) ("Thus, these arguments are waived because a party may not raise arguments for the first time in an objection to a magistrate judge's report and recommendation.") (citing *Kelly v. Wells Fargo*

*Bank, N.A.*, No. 13-cv-2298, 2015 WL 1333264, at *9 (M.D. Pa. Mar. 25, 2015)). As to Respondents' remaining arguments, these arguments simply express disagreement with the report and recommendation or rehash arguments already submitted to Judge Camoni. This is insufficient to obtain de novo review of the report and recommendation. Finding no clear error or manifest injustice, the court will adopt Section III(A) of the report and recommendation.

### C. The court adopts the recommendation that Section 1225 is inapplicable to Santana-Rivas and that Section 1226 governs her detention status.

In Section III(B)(1) of the report and recommendation, Judge Camoni carefully analyzes Section 1225(a)(1) and (b)(2), finding that Section 1225 only applies "at the borders or at other ports of entry where individuals are 'seeking admission' to the country." (Doc. 15, pp. 22–34.) He notes that courts across the country have considered and rejected Respondents' argument that Section 1225(b)(2) requires detention of all aliens present in the United States without parole as "applicants for admission" who are actively "seeking admission." (*Id.* at 24–27.) Like other courts, Judge Camoni submits that Respondents' "interpretation of the phrase 'seeking admission' 'violates the rule against surplusage and negates the plain meaning of the text.'" (*Id.* at 27–30.) The report also offers that Respondents' reading of Section 1225 violates the rule against surplusage and would "render redundant § 1226(c)'s mandatory detention

provision applicable to persons who have committed certain crimes." (*Id.* at 30–33.)  In conclusion, Judge Camoni recommends that the court hold that Santana-Rivas cannot be held under Section 1225 and that her detention fits squarely under Section 1226(a).  (*Id.* at 33–34.)

Respondents object to this section of the report and recommendation by arguing everything but the kitchen sink.  (Doc. 21, pp. 12–27.)  In doing so, they disagree with the court's conclusions and reargue aspects of the jurisdictional analysis.  (*Id.*)  Respondents argue that the court cannot "recast the Government's decision for commencing removal under Section 1225(b)(2)(A) as arising under Section 1226(a)" because, according to Respondents, that is "a statutorily prohibited encroachment into discretionary decision that Congress sought to avoid when it enacted Section 1252(b)(9) and (g)." (*Id.* at 27.)  In opposition, Santana-Rivas attempts to respond to the "smorgasbord of arguments" presented by Respondents and encourages the court to overrule the objection.  (Doc. 23, pp. 6–14.)

The court will overrule Respondents' objection and finds that the objection simply expresses disagreement with the report and recommendation and rehashes arguments already presented to Judge Camoni.  In making this ruling, the court has endeavored to understand each and every argument in this section but, in candor, finds many of the argument incomprehensible.  Nonetheless, to the extent the court

has been able to understand Respondents' arguments, they clearly express mere disagreement with the analysis rather than any specific way in which the analysis is flawed. Therefore, the court will overrule this objection.

### D. The court adopts the recommendation that Santana-Rivas's detention has become unconstitutionally prolonged.

In Section III(B)(2) of the report and recommendation, Judge Camoni finds that Santana-Rivas's detention has become unconstitutionally prolonged. (Doc. 15, pp. 34–40.) In making this recommendation, Judge Camoni analyzed the Third Circuit's non-exhaustive four-factor balancing test as applied to Santana-Rivas and found that the duration of detention, the likelihood of detention continuing, and the conditions of confinement factors weigh in favor of Santana-Rivas. (*Id.*) The reason for delay was neutral as to both parties. (*Id.* at 37–39.)

Respondents again object to this recommendation, stating that Judge Camoni erred in concluding that detention of 15 months has exceeded the constitutionally permissible limits. (Doc. 21, pp. 27–29.) Respondents support this objection only by arguing that "[i]t is oversimplistic to gauge the constitutional bona fides of 15 months' detention without accounting for how Petitioner's status shifted over the course of that time." (*Id.* at 27–28.) Santana-Rivas submits that the court should overrule this objection because Respondents do not specifically object to the analysis of the four-factor test detailed in the report and recommendation. (Doc. 23, pp. 14–16.)

Again, Respondents objection is general and does not address the carefully analyzed four-factor test set forth in the report and recommendation.  Accordingly, the court will overrule this objection.

### E. The court declines to adopt the recommendation to award fees and costs at this time.

Lastly, in Section III(B)(4) of the report and recommendation, Judge Camoni recommends that the court grant Santana-Rivas's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA").  (Doc. 15, pp. 42–49.)  The report notes that Respondents failed to oppose that request.  (*Id.* at 42.)  However, in their objections, Respondents argue that EAJA fees should not be granted at this stage of the proceedings as it is premature to do so.  (Doc. 21, pp. 29–31.)  Santana-Rivas does not respond to this objection.  (*See* Doc. 23.)

The court will overrule Respondents' objection as this argument is waived because it was not raised in the response to Santana-Rivas's petition.  *Talley v. Harry*, No. 23-cv-1033, 2025 WL 1305052, at *2 (M.D. Pa. Mar. 28, 2025).  Nonetheless, the court declines to adopt this recommendation for two reasons.  First, the issue of whether EAJA fees can be awarded in an immigration habeas case is presently before the United States Court of Appeals for the Third Circuit.  *Abioye v. Warden Moshannon Valley Corr. Center*, No. 24-3198 (3d Cir.).  Second, to the extent that EAJA fees are appropriate in this context, the court finds that it would be more appropriate to raise this issue at the conclusion of

Petitioner's immigration proceedings, rather than just at the conclusion of this habeas matter. Accordingly, the court declines to adopt the report and recommendation in this regard.

### CONCLUSION

For the reasons stated herein, the court will adopt the report and recommendation in part and overrule Respondents' objections. An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 8, 2025